# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARD EDWARDS,<br><br>Defendant. | Case No. CR10-2047<br><br>ORDER FOR PRETRIAL DETENTION |

On the 28th day of October, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On October 19, 2010, Defendant Bernard Edwards was charged by Indictment (docket number 2) with being a felon in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on December 27, 2010.

Waterloo Police Officer David A. McFarland testified regarding the circumstances underlying the instant charge. On July 9, 2009, police officers observed a vehicle with its headlights off. The officers engaged in a short pursuit of the vehicle, and found it parked illegally. The driver had fled on foot. The officers found a loaded 16-gauge shotgun in the back of the vehicle. Other items found in the vehicle included mail addressed to Defendant, an open container of beer, a bottle of gin, and a cigarette.

The owner of the vehicle was Lestly Spencer. While they were never married, Defendant has five children with Ms. Spencer. On July 9, Ms. Spencer was at a friend's

1

house watching movies. Upon leaving her friend's house, she discovered the vehicle was gone. According to Ms. Spencer, she had not given anyone permission to use the vehicle, but she left the keys inside the vehicle while she was at her friend's house. A no contact order between Defendant and Ms. Spencer was in place on July 9.

On December 29, 2009, law enforcement obtained buccal swabs from Defendant for purposes of DNA testing. On January 17, 2010, lab results showed that Defendant's DNA matched DNA taken from the bottle of gin and cigarette. However, no DNA or fingerprints were found on the shotgun. Defendant was questioned in January 2010, regarding this matter, and admitted that he was the owner of the shotgun.

Additionally, on August 30, 2009, Defendant was stopped by police officers while driving the same vehicle. Upon stopping the vehicle, the officers observed Defendant making furtive movements. After removing Defendant from the vehicle, officers found a handgun in the vehicle. The charges in that incident remain pending in state court.

According to the pretrial services report, Defendant is 34 years old, has never been married, and is the father of seven children with two different women. Five of the children, ages 14, 10, 5, 4, and 1, are with Ms. Spencer. The other two children, ages 2 and 3 months, are with another woman. The children reside with their respective mothers in Waterloo, Iowa.

Defendant was born and raised in Greenwood, Mississippi. Three years ago, he moved to Waterloo, Iowa. His parents and three sisters reside in Greenwood. He also has a brother who resides in Flint, Michigan.

Defendant has not been employed since 2006. He receives Social Security Disability Insurance benefits as a result of recurring problems from two gunshot wounds. Specifically, Defendant suffers from severe pain and movement issues in his hips, back, and legs. He is prescribed Oxycodone to manage his pain. Defendant also reports that he sometimes obtains pain medication from "friends," but does not abuse prescription pain killers or take them for recreational use.

Defendant reports no present or past history of mental or emotional health concerns. He was diagnosed with a learning disability as a child, and states that he can "barely read." Defendant reports occasional alcohol consumption, but indicates that his alcohol use has never been problematic. He states that he has used marijuana two to three times per week since he was 15. His last marijuana use was approximately three days prior to his arrest on the instant offense.

Defendant has an extensive record of arrests and convictions. In 1996, Defendant was convicted with burglary in Mississippi. He was given one year probation. On April 9, 2002, also in Mississippi, Defendant was charged with being a felon in possession of a firearm. Defendant failed to appear at a court hearing in July 2003, and a warrant was issued for his arrest. The arrest warrant remains active, but according the pretrial services report, it does not appear that Mississippi law enforcement intends to seek extradition. On October 25, 2004, Defendant was charged with carrying a concealed weapon in Michigan. In January 2005, Defendant was sentenced to one to five years in prison. He was paroled on October 5, 2005, and discharged from parole on April 5, 2007.

On October 14, 2008, Defendant was charged and later convicted of assault in Black Hawk County, Iowa. He was ordered to pay a $100 fine. On December 12, 2008, Defendant was charged with possession of marijuana. He was released on bond, and the charge remains pending in state court. On February 2, 2009, while released on bond for the marijuana possession charge, Defendant was charged with obstruction of emergency communications. The charge remains pending in state court. On the same date, Defendant was also charged with willful injury causing serious injury, domestic abuse assault with intent to display a weapon, and domestic abuse assault causing bodily injury. Defendant was released on bond, and the case remains pending in state court. On March 4, 2009, Defendant was charged with disorderly conduct, fighting or violent behavior. He was ordered to pay a $65 fine.

The circumstances underlying the instant federal charge occurred on July 9, 2009; however, Defendant was not charged until January 19, 2010. Specifically, Defendant was

3

charged in state court with possessing a firearm as a felon, eluding, and carrying weapons. The matter remains pending in state court. On August 30, 2009, Defendant was charged with possession of a firearm as a felon, carrying weapons, and possession of marijuana. The charges remain pending in state court. On October 26, 2009, Defendant was charged with possession of marijuana. This matter remains pending in state court. On November 30, 2009, Defendant was charged with consumption/intoxication and disorderly conduct. He was ordered to pay two $65 fines. On July 15, 2010, Defendant was charged with unlawful possession of prescription drugs. The charge remains pending in state court.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where

4

a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. On July 9, 2009, police officers observed a vehicle without its

5

headlights on, and the officers pursued the vehicle. The officer found the vehicle illegally parked, but the driver had fled the vehicle and was not found. Inside the van, police officers found a loaded shotgun. The officers also found several items, including mail addressed to Defendant, a bottle of gin, and a burning cigarette. DNA samples from the bottle of gin and cigarette matched Defendant's DNA. Six months after the incident, Defendant was questioned and admitted ownership of the shotgun. Of principal concern to the Court is Defendant's extensive criminal record and outstanding warrant in Mississippi. Specifically, Defendant has been charged on four separate occasions with firearm related offenses, including possession of a firearm as a felon and carrying weapons. Defendant also has multiple charges involving violent behavior, including assault, willful injury, domestic abuse assault, and disorderly conduct. Defendant failed to appear in court in Mississippi on a felon in possession of a firearm charge. An arrest warrant was issued in that matter and remains active. Additionally, many of the charges against Defendant occurred while he was released on bond. Defendant admits that he continues to regularly use marijuana, despite the pendency of two controlled substance charges. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release. Therefore, Defendant will be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 25, 2010) to the filing of this Ruling (October 29, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 29th day of October, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA